IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| GOLDEN HORN INTERNATIONAL TRADING (SHANGHAI) CO., LTD., <br><br> *Plaintiff,* <br><br> vs. <br><br> HADALGO, LLC, <br><br> *Defendant.* | : <br> : <br> : Case No. 1:23-cv-769 <br> : <br> : Judge Jeffery P. Hopkins <br> : <br> : <br> : <br> : <br> : |

**OPINION & ORDER**

Plaintiff Golden Horn International Trading (Shanghai) Co., Ltd. ("Golden Horn" or "Plaintiff") brings this breach of contract action against Defendant Hadalgo, LLC ("Hadalgo" or "Defendant"). To date, Hadalgo has failed to appear or otherwise defend this action. For the reasons stated below, Golden Horn's Second Motion for Default Judgment (Doc. 14) is **GRANTED**.

**I.   LAW & ANALYSIS**

There is a two-step sequential process for obtaining default judgment. *See Allied Consol. Enters. v. Aladwan*, No. 2:20-cv-4561, 2021 WL 1572291, *2 (S.D. Ohio April 22, 2021). First, a party must apply for an entry of default from the clerk.[1] *See* Fed. R. Civ. P. 55(a) ("When a party against whom a judgment is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."). Then, after a party obtains an entry of default, that party may request that default judgment be entered. Fed. R. Civ. P. 55(b). This can happen two ways: by the clerk or by the court.

---

[1] An entry of default was entered in this case on February 3, 2025. *See* Doc. 13.

If the party's claim is for a sum certain or a sum that may be ascertained by computation, the clerk may enter default judgment. Fed. R. Civ. P. 55(b). In any other case, the party must seek default judgment from the court. *Id.* When considering an application for default judgment, the court will accept the complaint's factual allegations as true but must assess whether the factual allegations are legally sufficient to state the alleged cause of action. The moving party may prove the existence of damages through detailed affidavits or documentary evidence, or at an evidentiary hearing. *Arthur v. Robert James Assocs. Asset Mgmt.*, No. 3:11-cv-460, 2012 U.S. Dist. LEXIS 47240, at *3 (S.D. Ohio Apr. 13, 2012).

For default judgment to be entered by a district court, the court must be satisfied that it possesses both subject matter and personal jurisdiction over the nonresponsive party. *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009) ("[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case."); *Citizens Bank v. Parnes*, 376 F. App'x 496, 501 (6th Cir. 2010) ("Personal jurisdiction over a defendant is a threshold issue that must be present to support any subsequent order of the district court, including entry of the default judgment."); *Kuhlman v. McDonnell*, No. 1:20-cv-510, 2022 WL 407240, at *2 (S.D. Ohio Feb. 10, 2022).

Then, if the jurisdictional prerequisite has been met, the court must weigh the factors the Sixth Circuit articulated in *Russell v. City of Farmington Hills*, 34 F. App'x 196, 198 (6th Cir. 2002) for determining whether to grant default judgment on behalf a plaintiff. Those factors are:

> (1) possible prejudice to the plaintiff; (2) the merits of the claims; (3) the sufficiency of the complaint; (4) the amount of money at stake; (5) possible disputed material facts; (6) whether the default was due to excusable neglect; and (7) the preference for decisions on the merits.

*See also Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986).

### A. Plaintiff is entitled to default judgment.

To begin, Golden Horn's complaint properly invokes this Court's jurisdiction. Subject matter jurisdiction is proper under 28 U.S.C. § 1332(a) because the dispute is between Golden Horn, a citizen of a foreign state, and Hadalgo, a citizen of Ohio. Compl., Doc. 1, ¶¶ 6–7; 28 U.S.C. § 1332(a)(2); *JPMorgan Chase Bank v. Traffic Stream (BVI) Infrastructure Ltd.*, 536 U.S. 88, 100 (2002) (finding that respondent "corporation," a limited company organized under the laws of the BVI, was a citizen of the United Kingdom). Golden Horn alleges that Hadalgo owes $106,088.00 in damages. *Id.* ¶ 39. Thus, Golden Horn alleges an amount in controversy in excess of $75,000, exclusive of interest and costs. Personal jurisdiction is also proper because Hadalgo transacts business in Ohio. Ohio Rev. Code § 2307.382(A)(1).

Having established that this Court has both subject matter jurisdiction and personal jurisdiction over Hadalgo, the Court will now weigh the factors set forth in *Russell*. The Court will start its analysis with the second and third *Russell* factors, *i.e.*, whether Golden Horn has asserted sufficient and meritorious claims, before turning to the remaining factors.

    1. *Sufficient and Meritorious Claims*

The second and third factors in *Russell* relate to the merits of Golden Horn's claims and the sufficiency of Golden Horn's Complaint. As is custom among other courts in this District, this Court will consider these factors together. Golden Horn alleges five claims in its Complaint: (1) money owed on account; (2) breach of contract; (3) quantum meruit and unjust enrichment; (4) prejudgment interest; and (5) postjudgment interest. *See* Doc. 1.

Taking the factual allegations as true, the Court will address each claim in turn.[2]

---

[2] Because this case is before the Court on diversity jurisdiction, Ohio law applies. *Biegas v. Quickway Carriers, Inc.*, 573 F.3d 365, 374 (6th Cir. 2009) ("Under the Erie doctrine, federal courts sitting in diversity apply the substantive law of the forum state and federal procedural law.") (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, (1938)).

a. Money Owed on Account and Breach of Contract

Golden Horn alleges a claim for money owed on account and a claim for breach of contract against Hadalgo. Compl., Doc. 1, ¶¶ 40–52. An action "on account" claim "simplifies pleadings by allowing a party to advance, as one claim, claims for separate breaches of contract based on a series of transactions." *Kwikcolor Sand v. Fairmount Minerals Ltd.*, 2011-Ohio-6646, ¶ 13 (8th Dist.) (citation omitted). The Court proceeds to review Golden Horn's "on account" and breach of contract claims together. *See Oberer v. Specialty Med. Care LLC*, 2023-Ohio-2610, ¶ 15 (2d Dist.).

Under Ohio law, a party has stated a breach of contract claim when there is: (1) the existence of a contract, (2) performance by the plaintiff, (3) breach by the defendant, and (4) damage or loss to the plaintiff because of the breach. *Mitchell v. Fujitec Am., Inc.*, No. 1:20-cv-363, 2022 WL 836424, *8 (S.D. Ohio Mar. 21, 2022) (quoting *Johnson v. Delphi Corp.*, 261 F. Supp. 2d 955, 961 (S.D. Ohio 2003)). In this case, taking the facts stated in Golden Horn's Complaint as true, the parties agreed in September 2022 that Golden Horn would provide Hadalgo with electrical components over the course of eight shipments. Compl., Doc. 1, ¶ 1, 12. The parties came to an agreement through written communication, including email and the WhatsApp application. *Id.* ¶ 1; *see N. Side Bank & Trust Co. v. Trinity Aviation, LLC*, 2020-Ohio-1470, ¶ 18–26 (1st Dist.) (finding that the parties' emails sufficed to create an enforceable contract between the parties). Under the agreement, Golden Horn made eight shipments to Hadalgo and each shipment was accompanied by a separate invoice. *Id.* ¶ 12–39; Pl. Ex. A, Doc. 1, PageID 12–14. Hadalgo made several payments to Golden Horn, *see* Pl. Ex. B, Doc. 1, PageID 15, but Golden Horn asserts that Hadalgo failed to fully compensate Golden Horn. Compl., Doc. 1, ¶ 12–39. Golden Horn invoiced Hadalgo for $486,088.00 based on Golden

4

Horn's full performance of the contract. *Id.* ¶ 39. To date, Hadalgo has paid $380,000.00—meaning that Hadalgo still owes $106,088.00 to Golden Horn and has therefore breached the contract by failing to pay the full amount due for the goods that Golden Horn provided. *Id.* Further, Hadalgo's failure to fully compensate Golden Horn is the proximate and direct cause of the economic harm that Golden Horn has suffered.

The Court thus finds that Golden Horn has stated sufficient and meritorious claims for breach of contract and money owed on account.

      b.     <u>Quantum Meruit and Unjust Enrichment</u>

Golden Horn next assert claims for quantum meruit and unjust enrichment. Compl., Doc. 1, ¶ 53–58. These are quasi-contract claims. Having established that Golden Horn has set forth sufficient and meritorious claims for money owed on account and breach of contract, this Court declines to enter default judgment on Golden Horn's quantum meruit and unjust enrichment claims because these claims are now impermissibility duplicative. *Bihn v. Fifth Third Mortg. Co.*, 980 F. Supp. 2d 892, 904 (S.D. Ohio 2013) ("Under Ohio law, a plaintiff may not recover under the theory of unjust enrichment [or quasi-contract] when an express contract covers the same subject."); *J. Bowers Constr. Co. v. Gilbert*, 2014-Ohio-3576, ¶ 11 (9th Dist.) ("Because a quasi-contract claim only exists when there is no valid contract, 'a party cannot claim that both an express contract and a quasi-contract exist over the same subject matter.'") (emphasis omitted) (quoting *Champion Contr. & Constr. Co. v. Valley City Post No. 5563*, 2004-Ohio-3406, ¶ 25 (9th Dist.)).

      c.     <u>Prejudgment and Postjudgment Interest</u>

Golden Horn has also asserted claims for prejudgment and postjudgment interest. Because the Court finds that Golden Horn has stated sufficient and meritorious claims for

breach of contract and money owed on account, the Court need not address these claims. The Court will instead consider whether prejudgment and postjudgment interest are appropriate in relation to Golden Horn's request for damages.

    2. *Prejudice to the Plaintiff*

Having found that Golden Horn has stated sufficient and meritorious claims, the Court must next determine whether Golden Horn would suffer prejudice if its motion were denied. Golden Horn initiated this lawsuit in November 2023, and the events underlying the complaint occurred in 2022. Taking its allegations as true, this would mean that it has been more than two years since Golden Horn was due to be fully compensated for the orders sent to Hadalgo. Hadalgo has made no effort to appear or defend this lawsuit. To deny Golden Horn's motion would "render [Golden Horn's] effort at a civil resolution futile, while rewarding [Hadalgo's] avoidance of this litigation." *Evans Adhesive Corp. v. Golden State Adhesives, Inc.*, No. 2:23-cv-1801, 2023 WL 7130676, at *3 (S.D. Ohio Oct. 30, 2023). For these reasons, the Court finds that this factor supports default judgment.

    3. *Amount of Money at Stake*

Next, the Court considers the amount of money at stake. Golden Horn seeks $106,088.00 from Hadalgo. Compl., Doc. 1, ¶ 3. This amount represents the total that Hadalgo still owes Golden Horn based on the agreed upon purchase price for the orders that were sent to, and received by, Hadalgo. When considering this amount and Golden Horn's requests for prejudgment and postjudgment interest, Golden Horn's total award is likely to be within the range of awards in federal cases. *See e.g.*, *Iron Workers Dist. Council of S. Ohio & Vicinity Ben. Tr. v. Hoosier Steel, Inc.*, No. 3:11-cv-458, 2012 WL 1122809, at *4 (S.D. Ohio Apr. 3, 2012) (awarding over $300,000); *see also Bd. Of Trs. Of the Ohio Laborers Bens. v. Olive*

6

*Leaf Landscaping, Inc.*, No. 2:22-cv-2799, 2023 WL 8031493, at *3 (S.D. Ohio Nov. 20, 2023) (collecting cases). This factor therefore weighs in favor of default judgment.

4. *Possible Disputed Material Facts*

As for the next factor, Hadalgo has not placed any material facts in dispute as it has failed to appear or defend against this action. By failing to appear or otherwise defend this action, Hadalgo "has not denied that the invoices were not paid[,] nor has it disputed the amounts billed." *Gen. Produce LLC v. Farm Fresh Fruits & Vegetables, LLC*, No. 1:18-cv-00246, 2019 WL 2537655, at *5 (E.D. Tenn. Apr. 30, 2019). Additionally, because Hadalgo has failed to respond to Golden Horn's Complaint and the Motion for Default Judgment, Hadalgo has forfeited the right to dispute the allegations set forth therein. *See Evans Adhesive Corp.*, 2023 WL 7130676, at *3. Thus, this factor favors default judgment.

5. *Excusable Neglect*

Like the previous factor, this Court is unable to attribute Hadalgo's default to excusable neglect because Hadalgo has failed to appear or otherwise defend in this action despite proper service of process. This fact is indicative of actual disregard rather than excusable neglect. *United States v. Intelligent Perimeter Sys.*, No. 2:21-cv-1913, 2022 WL 3348653, at *4 (S.D. Ohio Aug. 12, 2022). This factor therefore favors default judgment.

6. *Preference for Decision on the Merits*

As a final consideration, the Court must account for "the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel*, 782 F.2d at 1472. By its nature, default judgment conflicts with merits-based decisions. But in cases such as this, where Hadalgo has shown no interest in pursuing a decision on the merits, it is appropriate to consider the need for judicial efficiency and the needs of the litigants that have actually

appeared before the Court. There are no mitigating factors that weigh against default judgment. Thus, the Court is compelled to resolve this case through default judgment. Accordingly, default judgment shall issue against Hadalgo.

### B. Plaintiff is entitled to monetary damages and interest.

Having found Golden Horn is entitled to default judgment, this Court now considers Golden Horn's request for damages. "Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true." *Vesligaj v. Peterson*, 331 F. App'x 351, 355 (6th Cir. 2009) (quotations omitted). "The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Id*. (quotations omitted). While "the court may conduct an evidentiary hearing to determine damages, an evidentiary hearing is not a prerequisite to the entry of default judgment if damages are contained in documentary evidence or detailed affidavits and can be ascertained on the record before the court." *Joe Hand Promotions, Inc. v. RPM Mgmt. Co. LLC*, No. 2:11-cv-377, 2011 WL 5389425, at *1 (S.D. Ohio Nov. 7, 2011) (citation omitted). Based on the evidence presented in support of Golden Horn's Motion for Default Judgment, including the at-issue invoices (Ex. A, Doc. 1), Hadalgo's payment history (Ex. B, Doc. 1), and the affidavit of the owner of Golden Horn (Doc. 14-1), the Court finds a hearing on damages to be unnecessary.

#### 1. *Monetary Damages*

Golden Horn requests $106,088.00 in monetary damages. Doc. 14, PageID 86. This amount represents the remaining balance on the eight invoices at issue. Compl., Doc. 1, ¶ 2–3. Having found that Golden Horn has stated sufficient and meritorious claims for breach of contract and money owed on account, the Court will consider damages under that lens.

"The damages awarded for a breach of contract [under Ohio law] should place the injured party in as good a position as [it] would have been but for the breach." *Walters v. Goddard*, 127 N.E.3d 322, 326 (Ohio Ct. App. 2018) (citation omitted). To date, Hadalgo has failed to fully compensate Golden Horn for the goods associated with the eight invoices at issue. Hadalgo has an outstanding balance of $106,088.00 based on the invoices that Golden Horn sent to Hadalgo, Hadalgo's payment history, and an affidavit from Golden Horn. Compl., Doc. 1, ¶¶ 13–39; Pl. Ex. A, Doc. 1, PageID 12–13; Pl. Ex. B, Doc. 1, PageID 14; Doc. 14-1. Thus, an award of $106,088.00 is appropriate to place Golden Horn "in as good a position as [it] would have been but for the breach." *Walters*, 127 N.E.3d at 326.

2. *Interest*

Golden Horn also seeks prejudgment and postjudgment interest on its request for damages. Compl., Doc. 1, ¶ 59–65. In diversity cases such as this, "federal law controls postjudgment interest but state law governs awards of prejudgment interest." *Est. of Riddle ex rel. Riddle v. S. Farm Bureau Life Ins. Co.*, 421 F.3d 400, 409 (6th Cir. 2005) (quotation omitted). The Court will proceed to address each request for interest on damages in turn.

a. Prejudgment Interest

"Ohio law provides for prejudgment interest to the party that obtains a judgment on a contract claim or counterclaim." *Cabatech, LLC v. Nextlight, LLC*, No. 1:22-cv-59, 2024 WL 3740593, at *4 (S.D. Ohio Aug. 8, 2024) (citing Ohio Rev. Code § 1343.03(A)); *see also Landis v. Grange Mut. Ins. Co.*, 82 Ohio St.3d 339, 341 (1998). "The award of prejudgment interest is intended to compensate the plaintiff for the period of time between accrual of the claim and judgment." *Persello v. Allstate Ins. Co.*, 2011-Ohio-3230, ¶ 15 (7th Dist.). Under § 1343.03(A), "when money becomes due and payable . . . upon all judgments, decrees, and orders of any

9

judicial tribunal for the payment of money arising out of . . . a contract or other transaction, . . . the creditor is entitled to interest at the rate per annum determined pursuant to section 5703.47 of the Revised Code," unless a contractual rate applies. Ohio Rev. Code § 1343.03(A).

Here, because Golden Horn "has been granted judgment on an underlying contract claim for money that is due and payable, [Golden Horn] is entitled to prejudgment interest as a matter of law." *Kott Enterprises, LTD. v. Brady*, 2004-Ohio-7160, ¶ 73 (6th Dist.). Golden Horn has not alleged that a contractual rate applies. Therefore, Golden Horn is entitled to prejudgment interest at a rate per annum under Ohio Rev. Code § 5703.47.

b. Postjudgment Interest

Golden Horn is also entitled to postjudgment interest at the applicable statutory rate from the date of this Order until the entire judgment is satisfied. As is relevant here, "28 U.S.C. § 1961(a) requires postjudgment interest to be paid on money awarded by district courts in civil actions." *CAPSA Sols., LLC v. Concord Healthcare Grp.*, LLC, No. 2:18-cv-594, 2019 WL 4894038, at *3 (S.D. Ohio Oct. 4, 2019) (citations omitted). "The district court has no discretion to deny postjudgment interest, as it is mandatory." *Id*. (citing *Caffey v. UNUM Life Ins. Co.*, 302 F.3d 576, 586 (6th Cir. 2002)). "Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a).

3. *Attorney Fees*

Golden Horn also seeks attorney's fees and costs totaling $31,826.40. Doc. 14, PageID 86; Doc. 14-1. But "[i]t has long been the general rule in the United States that a prevailing

10

party may not ordinarily recover attorney's fees in the absence of a statute or enforceable contract providing for a fee award." *Williams v. ABX Air, Inc.*, No. 1:06-cv-833, 2007 WL 2886283, at *7, (S.D. Ohio Sept. 27, 2007) (citing *Shimman v. Int'l Union of Operating Eng'rs, Loc. 18*, 744 F.2d 1226, 1229 (6th Cir. 1984)). Golden Horn did not provide a copy of a written contract between the parties or direct the Court to a statute providing for a fee award. Thus, Golden Horn is not entitled to attorney's fees and costs.

## II.    CONCLUSION

For the reasons set forth above, Golden Horn's Second Motion for Default Judgment (Doc. 14) is **GRANTED**. Accordingly, default judgment is **ENTERED** in favor of Golden Horn on its money owed on account and breach of contract claims. Plaintiff is therefore awarded $106,088.00 in monetary damages against Hadalgo, plus prejudgment and postjudgment interest at the applicable statutory rates. Plaintiff is **ORDERED** to file a proposed judgment entry reflecting the amount of prejudgment interest that has accrued from the date of Hadalgo's breach to the date of this Order.

**IT IS SO ORDERED.**

September 29, 2025

Jeffery P. Hopkins
United States District Judge

11